## HILLS *v.* GRAVES ET AL.

*Deeds—Restrictive covenants for benefit of contiguous lands— Grantor may enforce covenants without proving actual damage from violation—Enforcement not defeated by acquiescence in trivial breaches of restrictions.*

1. Where a restrictive covenant is inserted in a conveyance for the benefit of contiguous or neighboring lands which the grantor retains, or in pursuance of a general scheme for the benefit of all the lots embraced in such scheme, such grantor, so long as he retains any of the lots or lands to be benefited by such covenant, may enforce the same without proving that a violation of the covenant would result in actual damage to him.

2. Where an owner of a number of lots conveyed them separately, by deeds imposing certain restrictions in accordance with a general scheme, and still owns some of the lots embraced in the scheme, mere acquiescence in trivial and technical breaches of the restrictions by purchasers, which are not such as to substantially defeat the object of the general scheme or indicate an intention to abandon it, will not defeat the owner's right to enforce such restrictions.

(Decided October 20, 1927.)

APPEAL: Court of Appeals for Lorain county.

*Messrs. Glitsch & Stack,* for plaintiff.
*Mr. Byron D. Kuth* and *Mr. H. C. Cheney,* for defendants.

WASHBURN, P. J.   This cause was appealed from the common pleas court of Lorain county, and was tried in this court upon a transcript of the evidence taken in the lower court, supplemented by an additional exhibit and admissions made in the statements of counsel.

Percy G. Hills purchased a farm, and in 1919 he filed in the recorder's office a plat dividing said farm into small lots, except the lot where the farm barn was, which lot contained about three acres. There was nothing on the plat to indicate that Mr. Hills intended to restrict all or any part of said territory, which comprised in all about 1,500 lots. Said lots were sold upon land contracts, which contained no specific reference to restrictions.

While the deeds containing the restrictions which are the subject of this lawsuit do not contain any reference to any general scheme of restrictions, nor to other lots, nor bind Mr. Hills to insert such restrictions in the deeds conveying other lots in the allotment, we find that Mr. Hills did adopt a general scheme of restrictions.

His plan was to set aside two lots for commercial purposes, and to temporarily devote said barn lot to commercial purposes, and to restrict all the other lots by uniform restrictions.   The two lots that he selected for commercial purposes were on the very edge of the allotment, and one of them was a triangular shaped lot.   He sold those two lots without restrictions, and he converted the barn into an amusement hall, and rented it for that purpose, but he testified that his plan was, and still is, to subdivide said 3-acre barn lot into smaller lots and sell the same, restricting the same as the other lots,

and he testified, and we find, that he intends to, and is bound to, carry out such plan in reference to said barn lot.

More than 1,000 of the lots have been sold and conveyed, and many other lots have been sold on land contracts, and all the deeds of the properties already conveyed contain said restrictions, and we find that Mr. Hills is bound to, and intends to, insert said restrictions in the deeds conveying the remainder of said lots.

Said restrictions are as follows:

"It is a part of the consideration hereof and it is herein especially agreed by grantees, their heirs and assigns, that no building shall be erected on said lot within twenty feet of the front line of said lot, and that said lot or buildings erected thereon are not to be used for commercial purposes."

Mr. Hills sold lot No. 153 in said allotment to the defendant Graves, and sold the two lots which he set aside for commercial purposes to Mr. Dops-laf, but the evidence is not clear as to which sale was first made. The deeds, however, were made in the following order: October 25, 1921, deed to Mr. Robert P. Graves, containing the restrictions; March 22, 1922, deed to Mr. Dopslaf, without restrictions.

Dopslaf bought the lot next to his unrestricted lots, and the deed to that lot contained the restrictions. He then built a residence on two of his lots, one of which was restricted and the other not, and fully complied with the restrictions, the same as if both lots had been restricted; then he devoted his remaining and triangular lot to commercial purposes—building a store and a filling station there-

on, and operating the same for commercial purposes.

A chain-store company desired a store in the allotment, and in August, 1925, asked Mr. Hills to consent to such a store being built on Mr. Graves' lot, which request was denied.

However, Mr. Graves proceeded with his plans to build a store on his lot, and started the same in February, 1926, observing said restrictions as to not building within 20 feet of the front line of his lot. Within a short time after Mr. Hills learned that said building was being constructed, he brought this suit, on March 20, 1926, to enjoin Mr. Graves from using, or permitting said premises being used, for commercial purposes. Through no fault of Mr. Hills, the sheriff failed to make proper service of summons upon Mr. Graves, but the contractor in charge of the construction of said building knew of the bringing of said suit, and obtained a copy of the petition filed by Mr. Hills. Notwithstanding that fact, the building was completed and rented to said chain-store company, which moved into the building, and is conducting a commercial business therein in violation of said restrictions.

Later, Mr. Graves entered his appearance in the lower court, and, as a defense to this action, now claims that Mr. Hills' transactions in reference to the Dopslaf lots and the barn lot are such as to defeat his right to insist upon the enforcement of the restrictions in reference to the Graves lot.

We find, as heretofore stated, that the transactions in reference to said lots by Mr. Hills were in accordance with the original plan and scheme, and that they do not excuse Mr. Graves from comply-

ing with his agreement in his deed in reference to said restrictions, nor justify his violation of said restrictions.

Mr. Graves claims that he did not know of said scheme of restrictions, and did not know that his deed contained any restrictions, but he was bound to know what his deed contained, and it is evident from the evidence, including statements of counsel, that at the time he started the construction of his building he knew of the restrictions in his deed and of the transactions of Mr. Hills in reference to the Dopslaf lots.

Another claim of Mr. Graves is that Mr. Hills never complained to him in reference to his building, and did not bring this action until the walls and roof of his building had been substantially completed, and the major portion of the building finished, and that, by reason of the fact that Hills knew of the intention of Graves to build a store building on said lot, and knew that said building was being constructed, and took no action to prevent such construction, he is not now entitled to the relief prayed for in his petition.

As to this defense, we find that under all the circumstances disclosed by the record Mr. Hills acted with due diligence after he learned that said building was being constructed.

It is to be noted that the restriction involved in this case is not against the erection of the building, but is against its use for commercial purposes. Mr. Graves knew of the restriction, and the circumstances warrant the conclusion that he knew of Mr. Hills' refusal to consent to its violation, and under such circumstances he is not in a position to

complain because Mr. Hills, after learning that the building had been started, delayed for a short time, on advice of counsel, to make sure that the intention was to use the property in violation of the restriction.

Defendant Graves further claims that several of the purchasers of lots in said allotment have violated said restrictions by devoting their properties to commercial purposes, and that the character of the allotment is substantially changed, and therefore that said restrictions are no longer applicable nor enforceable.

As to this claim, we find that there has been no such change as to warrant such conclusion, and that the violations of said restrictions were not such as to substantially defeat the object of the scheme or indicate an intention to abandon it, but were technical and trivial, and without the consent or knowledge of Mr. Hills, and that therefore said claim of Mr. Graves constitutes no defense to this action.

The record discloses that Mr. Hills is still the owner of a part of the dominant land for the benefit of which the covenant was made, and, under such circumstances, the covenant being made with him, he can enforce the same without proof that he would be damaged by the violation of the covenant; but, if proof of damage was requisite, the record furnishes such proof in this case.

On the cross-petition of Mr. Graves, asking for a reformation of the deed to his lot by striking out a part of said restrictions, we find in favor of Mr. Hills, and a decree may be drawn enjoining the defendants from using said building or premises, or

permitting the same to be used, for commercial purposes.

· *Decree for plaintiff.*

FUNK and PARDEE, JJ., concur.